# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **James B. Kennedy,** | ) | **CASE NO. 1:19 CV 1068** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| **Richland Correctional** | ) | **AND ORDER** |
| **Institution,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

*Pro se* plaintiff James B. Kennedy, a state prisoner incarcerated in the Richland Correctional Institution, has filed this civil rights action against the "Richland Correctional Inst[itution]/State of Ohio." (Doc. No. 1.) He has also filed motions to proceed *in forma pauperis* (Doc. No. 2) and for appointment of counsel (Doc. No. 3).

In his Complaint, the plaintiff complains of conditions in the jail. He complains "there are birds fl[y]ing around the chow hall," and that on one occasion bird feces went in his food. (Doc. No. 1 at 3.) In addition, he complains "there is black mold in our showers and our water is brown at times and we have to drink and cook with that water." (*Id.* at 4.) He seeks $4 million in damages and for the Court to make the institution "safe and healthy." (*Id.* at 5.)

## Standard of Review

Although *pro se* pleadings are liberally construed, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), federal district courts are required under 28 U.S.C. § 1915A to review any complaint filed in a civil action "in which a prisoner seeks redress from a governmental entity or officer or

employee of a governmental entity," and to dismiss before service such action that the court determines is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A; *Hill v. Lappin,* 630 F.3d 468, 470 (6th Cir. 2010). In order to survive a dismissal for failure to state a claim, a complaint must contain sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Hill,* 630 F.3d at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) governs dismissals for failure to state a claim under 28 U.S.C. § 1915A).

### Analysis

The Court finds that the plaintiff's complaint must be dismissed under § 1915A.

To state a colorable claim for a federal civil rights violation under 42 U.S.C. § 1983, a plaintiff must allege facts sufficient to demonstrate that he has been deprived of a right secured by the Constitution or laws of the United States by a person acting under color of state law. *Tahfs v. Proctor,* 316 F.3d 584, 590 (6th Cir. 2002). The plaintiff's complaint does not allege facts sufficient to support a colorable claim against the defendants.

Neither the Richland Correctional Institution nor the State of Ohio can be sued under § 1983 for the conditions alleged. The Richland Correctional Institution is not a legal entity capable of being sued under § 1983, and the plaintiff has not alleged facts plausibly suggesting that a county policy caused the violation of his rights. *See Watson v. Gill,* 40 Fed. App'x 88, 89, 2002 WL 1396900, at *1–2 (6th Cir. June 26, 2002) (finding that county jail is not a legal entity susceptible to suit under § 1983); *Barnes v. Cuyahoga County Jail,* No. 1: 09 CV 2671, 2010 WL 148136 (N.D. Ohio Jan. 12, 2010) (same). The State of Ohio cannot be sued for damages and is immune from suit

under the Eleventh Amendment. *See Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999).

Additionally, the conditions of which the plaintiff complains do not rise to the level of the kind of extreme deprivation required to make out a constitutional claim. The Constitution "does not mandate comfortable prisons." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). To demonstrate that a prison condition rises to the level of cruel and unusual punishment within the meaning of the Eighth Amendment, a prisoner must demonstrate both objective and subjective components. *Green v. Martin*, 18 F. App'x 298, 300 (6th Cir. 2001), citing *Farmer v Brennan*, 511 U.S. 825, 834 (1994). He must show that he was subjected to a sufficiently serious prison condition, and that prison officials were "deliberately indifferent" to it. *Id.*

Because routine discomfort is "part of the penalty that criminal offenders pay for their offenses against society" and prisoners are not constitutionally guaranteed comfortable prisons, the objective component of a constitutional claim requires a prisoner to show he suffered an "extreme" deprivation. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992).

The subjective component requires the prisoner to show that the defendant acted with a sufficiently culpable subjective state of mind. *Wilson*, 501 U.S. at 294. This requires the prisoner to show that a prison official "subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001).

The plaintiff's allegations are insufficient to demonstrate either required component of a claim. His allegations are insufficient to suggest he suffered a sufficiently serious deprivation in the prison context. And he has not alleged facts sufficient to demonstrate that any defendant subjectively acted with deliberate indifference to his health or safety.

## Conclusion

Accordingly, the plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915A, and his remaining motions are denied as moot. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: September 17, 2019